D+F + scan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

WARNER BROS. RECORDS INC., a Delaware
corporation; UMG RECORDINGS, INC., a
Delaware corporation; ARISTA RECORDS LLC,
a Delaware limited liability company; and SONY
BMG MUSIC ENTERTAINMENT, a Delaware
general partnership,

           Plaintiffs,

           -against-

TOM D'ANGELO,

           Defendant.

------------------------------------------------------------ x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 3 1 200... ★

P.M. _____
TIME A.M. _____

Civil Action No.: 05 CV 488 DGT

Filed Electronically

## ~~[REDACTED]~~ DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Based upon Plaintiffs' Application For Default Judgment By The Court, and good cause appearing therefor, it is hereby Ordered and Adjudged that:

1. Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Three Thousand Seven Hundred and Fifty Dollars ($3,750.00).

2. Defendant shall pay Plaintiffs' costs of suit herein in the amount of Two Hundred and Seventy Five Dollars ($275.00).

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Crawling," on album "Hybrid Theory," by artist "Linkin Park" (SR# 288-402);

- "Wanted Dead Or Alive," on album "Slippery When Wet," by artist "Bon Jovi" (SR# 71-794);

- "Don't Let Me Get Me," on album "Don't Let Me Get Me (single)," by artist "Pink" (SR# 309-896);

- "Spanish Guitar," on album "The Heat," by artist "Toni Braxton" (SR# 287-194);

- "In You Letter," on album "Hi Infidelity," by artist "REO Speedwagon" (SR# 24-298);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: 5/27/05

By: s/David G. Trager
Hon. David G. Trager
United States District Judge

2